IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY HANER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil Action No. 19-08 |
| | ) |
| ANDREW M. SAUL,[1] | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10, 12 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

**I.     BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on December 6, 2017. (ECF No. 5-3). On March 8, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 17-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.**     **Discussion**

Plaintiff argues the ALJ erred in finding her treating counselor, Dr. Bensur, to be a non-acceptable medical source. (ECF No. 10, pp. 8-9). Plaintiff submits that Dr. Bensur holds a Ph.D. in psychology and is licensed in Pennsylvania. *Id*. at p. 8. As such, Plaintiff contends remand is warranted and that Dr. Bensur should be considered an acceptable medical source. *Id.*

The ALJ gave little weight to the opinion of Dr. Bensur because the ALJ found he is not an acceptable medical source. (ECF No. 5-2, p. 23). As Defendant points out and Plaintiff concedes, Dr. Bensur's Pennsylvania licensure is as a professional counselor rather than psychologist. (ECF No. 12, pp. 10-11; ECF No. 13, p. 1). Plaintiff, however, suggests that his opinion should not be rejected due to the form of his licensure: "He is in independent practice and possesses a doctorate in psychology." (ECF No. 13, p. 2). Plaintiff does not cite to any law in support of this position. *Id.* Dr. Bensur is a licensed counselor in Pennsylvania. (ECF No. 13, p. 1; ECF No. 5-7, p. 24). As such, Dr. Bensur is not one of the specifically listed acceptable medical sources under the regulations governing at the time Plaintiff filed her

3

application. 20 C.F.R. §§416.927, 416.902(a) (defining acceptable medical source); SSR 06-3p. Consequently, I find the ALJ did not error in finding Dr. Bensur not to be an acceptable medical source.

This does not end the inquiry, however. Opinions from other sources, including medical sources who are not acceptable medical sources, must still be considered and weighed according to the regulations. 20 C.F.R. §§416.927. Looking at the ALJ's decision, I find he fails to apply this to Dr. Bensur's treatment records and opinions. (ECF No. 5-2, pp. 17-25). The ALJ merely concludes in boiler plate language that Dr. Bensur's opinion is inconsistent with the evidence of record. (ECF No. 5-2, p. 23). The ALJ completely fails to provide any basis for the same. *Id.*

An ALJ may reject portions of evidence, but he/she must provide detailed reasons for doing so. Additionally, while the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he/she must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008). To that end, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705. I find the ALJ's failure to provide a valid and acceptable explanation for his rejection of Dr. Bensur's opinion prohibits me from conducting a proper and meaningful review.

For example, Dr. Bensur saw Plaintiff eight times over a five-month period. (ECF No.5-16, pp. 37-57). While the ALJ takes the time to discusses other medical records, he summarily states in one sentence that Plaintiff began seeing Dr. Bensur in May of 2017 and that he concluded she has autism without any further discussion or analysis of his treatment with Plaintiff, his reasons for why Plaintiff had not been diagnosed with autism previously and other diagnoses by Dr. Bensur.[2] (ECF No. 5-2, p. 23). The ALJ makes absolutely no reference to them at all.[3] This failure to discuss these treatment records and opinions of Dr. Bensur is troubling to the point that it prohibits me from conducting a meaningful review. Consequently, I find remand is warranted.

An appropriate order shall follow.

---

[2] In addition to giving Plaintiff the GARS-III test and, based on the results, diagnosing her with autism, Dr. Bensur also diagnosed Plaintiff with anxiety, reactive attachment discord, and PTSD. (ECF No. 5-16, pp. 39-40, 54). Furthermore, Dr. Bensur gave very specific findings with regard to Plaintiff's functional limitations due to her mental impairments. (ECF No. 5-16, pp. 51-55).

[3] In fact, the ALJ does not even reference, mention, or discuss autism or reactive attachment discord as possible severe impairments. (ECF No. 5-2, p. 19). Thus, he never makes a determination of whether these impairments are severe or non-severe. *Id.* In the discussion of the RFC, the ALJ again fails to analyze the same. *Id.* As a result, I am unable to make a meaningful review.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOLLY HANER, )
　　　　) 
　　Plaintiff, )
　　　　)
　-vs- ) Civil Action No. 19-08
　　　　)
ANDREW M. SAUL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
　　　　)
　　Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

AND now, this 5th day of March, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is granted and Defendant's Motion for Summary Judgment (ECF No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

　　　　　　　　　　BY THE COURT:

　　　　　　　　　　s/ Donetta W. Ambrose
　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　United States Senior District Judge

---

[4] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.